UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID PARSONS & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOM RIDGE, Secretary of the Department of Homeland Security, et al., <br><br> Defendants. | CASE NO. C04-212-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for attorney's fees (Dkt. No. 35) and Defendants' response thereto (Dkt. No. 38). Having reviewed the submitted materials, the Court GRANTS Plaintiff's motion.

In December 2002, Plaintiff filed a petition with the U.S. Bureau of Citizenship and Immigration Services ("BCIS") seeking an H-1B non-immigrant visa for John Parsons, a commercial real estate appraiser with Canadian citizenship. Plaintiff argued that granting the visa was warranted because the position should qualify as a "specialty occupation" under any of the four prongs of 8 C.F.R. § 214.2(h)(4)(iii)(A). Each prong offers a variation on the position's need for a baccalaureate degree. BCIS, however, denied the petition, claiming that Plaintiff failed to prove that the position of commercial

ORDER – 1

real estate appraiser qualified as a specialty occupation. On February 12, 2007, the Ninth Circuit indicated that since BCIS did not expressly support its denial of the petition in relation to the fourth prong of § 214.2(h)(4)(iii)(A), the "agency thus abused its discretion by failing to articulate specific and legitimate reasons for denying relief." (Dkt. No. 35 at 8.) The Ninth Circuit remanded the matter with instructions for BCIS to "adequately articulate its reasons for denying the petition." *Id*. On June 12, 2007, Plaintiff filed for attorney's fees in this Court as the prevailing party.[1]

Under the Equal Access to Justice Act ("EAJA"), a party who prevails against the United States in a civil action is entitled to attorney's fees, unless the court finds that the government's position was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The government concedes that Plaintiff is the prevailing party. (Dkt. No. 38 at 1.) Once the petitioning party establishes itself as the prevailing party, the burden shifts to the government to prove that its position, both pre-litigation and during litigation, was substantially justified. *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996). To meet this burden, the government must show that its position has a reasonable basis in both law and fact. *Id*.

The government claims it presented substantial evidence supporting the denial of the H-1B visa, even though the agency failed to tie that evidence to the fourth prong. Defendants argue that this oversight should not preclude a finding that its pre-litigation position was substantially justified. However, as Plaintiff could find relief under each of the four prongs of § 214.2(h)(4)(iii)(A), failure to provide evidence as to any prong necessarily defeats the notion of substantial justification. "[I]t will be only 'a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v. INS*, 284 F.3d

---

[1] In its reply memorandum, Plaintiff also argued that because the Ninth Circuit recently awarded fees under a separate motion, the theories of *res judicata* and collateral estoppel entitled it to attorney's fees here. (Dkt. No. 39 at 3). The Court need not reach this issue because it finds that Plaintiff is entitled to fees under the EAJA regardless.

ORDER – 2

1080, 1085 (9th Cir. 2002).

"The 'substantial justification' requirement of the EAJA establishes a clear threshold for determining a prevailing party's eligibility for fees, one that properly focuses on the governmental misconduct giving rise to the litigation." *Comm'r, INS v. Jean*, 496 U.S. 154, 165 (1990). Even if the government ultimately prevails on the merits post-remand, BCIS' error in not articulating a basis for denying the petition on the fourth prong of § 214.2(h)(4)(iii)(A) was not substantially justified—meaning the government's overall litigation position was unsupportable. *See United States v. Marolf*, 277 F.3d 1156, 1163–64 (9th Cir. 2002).

Because all of Plaintiff's claims are related, Plaintiff is entitled to fees in the full amount requested. Generally, prevailing plaintiffs should not recover attorney's fees incurred in making unrelated, unsuccessful claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995). Conversely, "related claims involve a common core of facts or are based on related legal theories." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). In this matter, the facts giving rise to Plaintiff's claims clearly shared a common core. All Plaintiff's claims arose out of the same dispute and all Plaintiff's legal theories were aimed at getting the H-1B visa granted under § 214.2(h)(4)(iii)(A). Accordingly, Plaintiff is entitled to the full amount of fees requested.

For the foregoing reasons, the Court GRANTS Plaintiff's motion for $6,559.71 in attorney's fees.

SO ORDERED this 24th day of August, 2007.

John C. Coughenour
United States District Judge

ORDER – 3